NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAY 28 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff - Appellee, <br><br> ROSA LUZ CEBREROS DE ROJO, <br><br> Claimant - Appellant, <br><br> v. <br><br> YOVANNY ONTIVEROS, AKA Yovanny Ontiveros Cebre, AKA Yovanny Cebreros, <br><br> Defendant - Appellee. | No. 24-4405 <br><br> D.C. No. 2:18-cr-00175-TLN-1 <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
Troy L. Nunley, District Judge, Presiding

Submitted May 21, 2025[**]

Before: SILVERMAN, LEE, and VANDYKE, Circuit Judges.

Rosa Luz Cebreros de Rojo appeals from the district court's judgment

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

forfeiting the $100,000 appearance bond posted by Cebreros on behalf of her son, defendant Yovanny Ontiveros. We have jurisdiction under 28 U.S.C. § 1291. Reviewing for abuse of discretion, *United States v. Nguyen*, 279 F.3d 1112, 1115 (9th Cir. 2002), we affirm.

Cebreros contends that the district court abused its discretion by declining to set aside all or part of the bond forfeiture because the *Nguyen* factors, *see id.* at 1115-16 (listing six non-exclusive factors to be considered by district courts when deciding whether to set aside forfeiture of a bond), tip in her favor. In particular, Cebreros argues that her personal circumstances, the lack of evidence that she knew of or facilitated Ontiveros's decision to flee, and the additional criminal case brought against Ontiveros after the bond hearing, supported setting aside the forfeiture. The district court considered these arguments, however, and—after giving Ontiveros an additional 15 days to surrender—reasonably determined that there was no basis to set aside the forfeiture under Federal Rule of Criminal Procedure 46(f)(2). The district court did not abuse "the wide discretion afforded [it] in this arena." *Nguyen*, 279 F.3d at 1115.

The government's request for judicial notice is granted.

**AFFIRMED.**